UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Magistrate Case No. **08 MJ 2458** |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR VIOLATION OF** |
| v. ) | |
| ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- |
| **Adrian Pablo LOAISIGA** ) | Bringing in Illegal Aliens |
| ) | Without Presentation |
| ) | |
| Defendant ) | Title 18, U.S.C., Section 111(a)(1) and (b)- |
| ) | Assault on a Federal Officer (Felony) |

The undersigned complainant being duly sworn states:

### Count I

On or about **August 6, 2008**, within the Southern District of California, defendant **Adrian Pablo LOAISIGA, (Defendant)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Jesus JARACUARO-Arellano, Fatima BRISENIO-Cisneros,** and **Ana Belia RUIZ-Palomino,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

### Count II

On or about **August 6, 2008**, within the Southern District of California, defendant **Adrian Pablo LOAISIGA, (Defendant),** did knowingly and intentionally and forcibly assault, resist, oppose, impede, and interfere with a person named in Title 18, United States Code, Section 1114, namely, Department of Homeland Security, United States Customs and Border Protection Officer **Clemente Banuelos**, while Officer Banuelos was engaged in the performance of his official duties, and in committing such offense in that defendant **struck Officer Banuelos in the face with a closed fist** and did thereby inflict bodily injury upon Officer Banuelos; in violation of Title 18, United States Code, Section 111(a)(1) and (b), a felony.

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 8th DAY OF
**AUGUST, 2008.**

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Jesus JARACUARO-Arellano, Fatima BRISENIO-Cisneros,** and **Ana Belia RUIZ-Palomino** are citizens of a country other than the United States; that said aliens admitted they are deportable; that their testimony is material, that it is impractical to secure their attendance at trial thereof by subpoena and that they are all material witnesses in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On August 6, 2008, at approximately 11:40 PM, **Adrian Pablo LOAISIGA (Defendant)** applied for admission into the United States through vehicle lane 18 at the San Ysidro, California Port of Entry. During primary inspection before a U.S. Customs and Border Protection (CBP) Officer, Defendant presented his own valid United States Passport as proof of admissibility and stated he had traveled to Tijuana, Mexico to drop off his mother at the airport and claimed he was not bringing anything back from Mexico. The CBP Officer instructed Defendant to unlock the vehicle doors and Defendant complied.

During the inspection of the vehicle, the CBP Officer noticed there were no personal effects in the vehicle. Defendant was very talkative and Defendant was partially hanging out the driver's door. The CBP Officer noticed new non-factory screws and bolts in the floor of the vehicle. The CBP Officer looked under the vehicle and discovered a non-factory compartment in the undercarriage of the vehicle.

The CBP Officer attempted to handcuff Defendant but Defendant became resistant and would not follow the CBP Officers commands. The CBP Officer gave clear instruction to Defendant to release his seat belt and place his right hand on his back. Defendant attempted to abscond through the vehicle and was pushed into the vehicle door and the vehicle frame. The CBP Officer instructed Defendant to place his hand behind his back; however, Defendant would not comply. Defendant attempted to enter the vehicle and exit the passenger door. The CBP Officer tried to pull Defendant out of the vehicle and ordered him to get on the ground. The CBP Officer attempted to gain control of Defendant. The CBP Officer operating the neighboring booth arrived and called for assistance. The CBP Officer from the neighboring booth entered the vehicle through the passenger door and gained control of Defendant and commanded Defendant to stop resisting. Defendant began to kick and grab at the primary CBP Officer. The primary CBP Officer was able to push Defendant away and hold on to Defendant. At this time, Defendant struck the primary CBP Officer in the face with his right hand in a closed fist, striking the officer in the nose. In result, the CBP Officer noticed his nose began to bleed. Several other CBP Officers responded to the scene and assisted in handcuffing Defendant. Defendant was escorted to the Security Office. The vehicle was driven into the vehicle secondary lot for further inspection.

In secondary the rear seat was removed from the vehicle and an access panel was discovered under the vehicle carpeting. The panel was lifted open and one adult male and two adult females were assisted out of the compartment.

**Probable Cause Statement Continued on page 2.**
**Continuation of Probable Cause Statement**
**RE:   Adrian Pablo LOAISIGA (Defendant)**

The three individuals were removed from the non-factory compartment and are now identified as **JARACUARO-Arellano (MW1), Fatima BRISENIO-Cisneros (MW2),** and **Ana Belia RUIZ-Palomino (MW3).** All three were determined to be citizens of Mexico with no entitlements to enter or reside in the United States and are being held as material witnesses in the case.

Separate videotaped interviews were conducted with all three material witnesses. All admitted to being citizens of Mexico with no legal documents to enter or reside in the United States. MW1 stated he would be told the amount he was to pay for being smuggled once he arrives in the United States. MW2 and MW3 stated they were going to pay a smuggling fee of $3,000 and $4,000 respectively. MW1 stated he was traveling to Santa Ana and Fresno, California. MW2 stated she was traveling to Oregon. MW3 stated she was traveling to San Jose, California. All three material witnesses stated their purpose was to seek employment.